24-490
*Ripple Analytics Inc. v. People Center, Inc., d/b/a Rippling*

# United States Court of Appeals
# For the Second Circuit

---

August Term 2024
Argued: February 14, 2025
Decided: August 26, 2025

No. 24-490

---

RIPPLE ANALYTICS INC.,

*Plaintiff-Counter-Defendant-Appellant*,

*v.*

PEOPLE CENTER, INC., D/B/A RIPPLING,

*Defendant-Counter-Claimant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of New York
No. 2:20-cv-894
Gary R. Brown, *Judge.*

---

Before:         PARK, PÉREZ, and NATHAN, *Circuit Judges*.

Ripple Analytics Inc. sued People Center, Inc. for trademark infringement and unfair competition. But Ripple did not actually own the trademark at issue—its Chairman and CEO Noah Pusey did. So the district court (Brown, *J.*) dismissed with prejudice Ripple's trademark infringement claim under Federal Rule of Civil Procedure 17, dismissed without prejudice its unfair competition claims under federal and state law, and denied its motion to file an amended complaint. We reject Ripple's arguments on appeal challenging those decisions. First, the district court correctly dismissed Ripple's trademark infringement claim because Ripple was not the real party in interest; Pusey was, and he failed to ratify the action under Rule 17. Second, the district court correctly dismissed Ripple's unfair competition claims because Ripple failed to allege standing. Third, the district court properly denied Ripple's motion to file an amended complaint because the proposed amendment did not resolve the standing issue and would have been futile. Finally, the district court's interlocutory order granting People Center's motion to amend its answer is not properly before us on appeal. We thus **AFFIRM**.

————

NICOLE A. SULLIVAN, White and Williams LLP, New York, NY (Thomas E. Butler, White and Williams LLP, New York, NY, *on the brief*), *for Plaintiff-Counter-Defendant-Appellant.*

JEREMY M. BYLUND, Willkie Farr & Gallagher LLP, Washington, DC (E. Caroline Freeman, Bruce W. Baber, King & Spalding LLP, Washington, DC and Atlanta, GA;

Tim F. Williams, Dority & Manning, P.A., Greenville, SC,
*on the brief*), *for Defendant-Counter-Claimant-Appellee*.

————

PARK, *Circuit Judge*:

Ripple Analytics Inc. sued People Center, Inc. for trademark infringement and unfair competition. But Ripple did not actually own the trademark at issue—its Chairman and CEO Noah Pusey did. So the district court (Brown, *J.*) dismissed with prejudice Ripple's trademark infringement claim under Federal Rule of Civil Procedure 17, dismissed without prejudice its unfair competition claims under federal and state law, and denied its motion to file an amended complaint. We reject Ripple's arguments on appeal challenging those decisions. First, the district court correctly dismissed Ripple's trademark infringement claim because Ripple was not the real party in interest; Pusey was, and he failed to ratify the action under Rule 17. Second, the district court correctly dismissed Ripple's unfair competition claims because Ripple failed to allege standing. Third, the district court properly denied Ripple's motion to file an amended complaint because the proposed amendment did not resolve the standing issue and would have been futile. Finally, the district court's interlocutory order granting People Center's motion to amend its answer is not properly before us on appeal. We thus affirm.

## I. BACKGROUND

A.    <u>Factual Background</u>

Drawing upon "nearly two decades of experience establishing and building law firms in New York City," attorney Noah Pusey co-founded Ripple. App'x at 133. Ripple runs a software platform to

3

assist companies with human resources-related functions, such as employee feedback, performance tracking, and professional development. On March 27, 2018, the U.S. Patent and Trademark Office ("USPTO") issued a federal trademark for the use of the word "RIPPLE®" in connection with that software.

Once the trademark was registered, "Ripple's shareholders and board of directors decided that 100% of the company should be acquired by Mr. Pusey." Appellant's Br. at 10. On April 13, 2018, Ripple and Pusey entered into an Assignment and Assumption Agreement ("Agreement") that assigned "all right, title and interest in and to" Ripple's intellectual property, including trademarks, to Pusey. App'x at 360.

Around that time, another company, People Center, applied to the USPTO to register the mark "RIPPLING" for use in connection with its own, similar, human resources-related software. Although People Center eventually abandoned its effort to register the mark, it continued to use RIPPLING as its business name.

B.     Procedural History

On February 19, 2020, Ripple filed a complaint against People Center, asserting claims for trademark infringement under 15 U.S.C. § 1114; unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under New York state law.

Ripple alleged that it "owns all right, title and interest in and to the RIPPLE® mark" in connection with its software. App'x at 30. Ripple further alleged that People Center had infringed on that

trademark by using the word "RIPPLING" in connection with a similar product. *Id.* at 30–31.

But during discovery, Ripple produced the Agreement, raising questions about its alleged ownership of the trademark. Subsequently, People Center moved for leave to amend its answer to reflect Ripple's lack of ownership, moved to dismiss the action under Rule 17 for failure to prosecute in the name of the real party in interest, and moved for summary judgment.

The district court granted People Center's motion to dismiss under Rule 17 and denied its other motions as moot. Special App'x at 1. Although the district court dismissed *with* prejudice Ripple's trademark infringement claim, it dismissed *without* prejudice Ripple's unfair competition claims, despite plaintiff's "delays and litigative improprieties." *Id.* at 11.

On August 22, 2023, Ripple moved for leave to file an amended complaint with amended claims for unfair competition under 15 U.S.C. § 1125(a) and New York state law. On January 5, 2024, a magistrate judge issued a Report and Recommendation denying Ripple's motion as futile because Ripple still lacked "the specificity required to establish standing." App'x at 330.

The district court adopted the Report and Recommendation and closed the case. Ripple now appeals from the final judgment.

## II. DISCUSSION

A.     <u>Rule 17 Dismissal of Ripple's Trademark Infringement Claim</u>

Ripple argues that the district court erred in dismissing with prejudice its trademark infringement claim under Rule 17. That argument fails because Ripple is not the real party in interest—Pusey is. And Pusey failed to ratify the action when he refused to be bound by the result of Ripple's lawsuit.

"A district court's decision whether to dismiss pursuant to Rule 17(a) is reviewed for abuse of discretion." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (cleaned up). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (quotation marks omitted).

1.     *Ripple Is Not the Real Party in Interest*

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is the party with the legal title to the claim asserted and is the party with the stake in the controversy that is being used to invoke the court's jurisdiction." *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021). Here, the district court correctly concluded that Pusey, not Ripple, "is inarguably the real party in interest." Special App'x at 5.

Trademark ownership is a "necessary element[]" of a trademark infringement claim under 15 U.S.C. § 1114, *Island Software*

6

*& Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 259 (2d Cir. 2005), and "only the owner of the trademark is entitled to sue for its infringement," *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 75 (2d Cir. 2013) (quotation marks omitted). Federal courts may thus "adjudicate the ownership of a trademark as part of an infringement claim." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 69 (2d Cir. 2010).

Ripple is not the real party in interest because it unambiguously assigned all of its rights in any intellectual property, including trademarks, to Pusey. The Agreement expressly states that Ripple "assign[ed], convey[ed] and transfer[red] to [Pusey] . . . all right, title and interest in and to" its intellectual property, including the trademark at issue. App'x at 360. The assignment "include[d] all of [Ripple's] claims, causes of actions and right to sue for, as well as right to settle or release from, the infringement by any third party of any rights in and to" that intellectual property "whether such claims and causes of action are filed, arose, or accrued before or after the execution" of the Agreement. *Id.* Pusey is thus the real party in interest, and Ripple has no legal title to any claim asserted here.

2.    *Pusey Failed To Ratify or Join the Action*

Ripple argues that even if Pusey were the real party in interest, he satisfied Rule 17 by ratifying the pleadings and agreeing to become a plaintiff. So in dismissing the trademark infringement claim, Ripple contends, the district court "imposed a higher standard than what is required under Rule 17." Appellant's Br. at 29. We disagree.

Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). But "[t]he

court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.* at (a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.* "To ratify a suit, the real party in interest must (1) authorize continuation of the action and (2) agree to be bound by its result." *Fed. Treasury Enter.*, 726 F.3d at 83 (quotation marks omitted).

To be sure, a "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). But "the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party." *Id.*

Here, Pusey failed to ratify Ripple's action. Ripple repeatedly asserted that any concerns about the real party in interest and standing could be "easily" addressed by joinder or ratification, but it stopped short of taking any steps to cure those issues. Special App'x at 3 (quotation marks omitted). The district court gave Ripple "ample opportunity, numerous reminders and more than a year to correct [its] error, but [it] simply failed or refused to do so." *Id.* at 6.

The closest Ripple came to ratification was to submit a declaration by Pusey with its opposition to People Center's motion for leave to amend its answer. The Pusey declaration stated:

I have been overseeing and participating in all legal proceedings in this matter from the beginning. I have read the complaint and am fully familiar with all of the allegations in the complaint. Any judgment obtained in this or any case pursuing the interests of Ripple will be for my sole benefit; therefore I have a very strong interest in the outcome of this case.

. . .

By this Declaration, I ratify all of Plaintiff's allegations in this case and each cause of action alleged. As a real party in interest, I am prepared to step in immediately as Plaintiff.

Special App'x at 3.

But that is not a ratification under Rule 17. The sine qua non of ratification is agreeing to be bound by the result. *See Fed. Treasury Enter.*, 726 F.3d at 83; *see also ICON Grp., Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 478 (3d Cir. 1987) (noting that the ratifying party must "by acknowledgment or other ratifying instrument . . . agree to be bound by any judgment resulting from the action"); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 307 (5th Cir. 2001) (same); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 712 (9th Cir. 1992) (same); *Haxtun Tel. Co. v. AT&T Corp.*, 57 F. App'x 355, 359 (10th Cir. 2003) (same); 6A Wright & Miller's Federal Practice & Procedure § 1555 (3d ed. 2010) (defining ratification as "an arrangement by which the real party in interest authorizes the continuation of an action brought by another and agrees to be bound by its result, thereby eliminating any risk of multiple liability"). Pusey said various things, but he never agreed to be bound by the result of Ripple's lawsuit. To say that one has a "very

9

strong interest" in the outcome of a case or that any judgment in a case would be for one's "sole benefit" is not the same as agreeing to be bound by the result of that case.  Special App'x at 3.

The district court noted this deficiency "numerous times," and "counsel made no effort to supplement this ineffectual submission." Special App'x at 7.  In light of the district court's repeated efforts and Pusey's extensive legal experience, the failure to ratify is glaring. Indeed, rather than complying with Rule 17, Ripple warned that dismissal of its suit would lead to the "immediate filing by Pusey of the exact same claims against [People Center] resulting in the parties starting the process from scratch."  *Id.*  The record is thus clear that Pusey failed to ratify the suit, so the district court properly dismissed it under Rule 17.

B.     Dismissal of Ripple's Unfair Competition Claims

Ripple argues that the district court erred in dismissing its unfair competition claims.  But the district court correctly concluded that Ripple failed to allege standing to assert those claims.

"Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating" that it has standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).  "We review *de novo* a decision as to a plaintiff's standing to sue based on the allegations of the complaint and the undisputed facts evidenced in the record."  *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).

Ripple's unfair competition claim under Section 43(a) of the Lanham Act fails because it was based on the allegation that Ripple

"owns all right, title and interest in and to the RIPPLE® mark."  App'x at 30.  Ripple alleged that People Center infringed its RIPPLE® mark and that it suffered "damage to its trademark rights."  *Id.* at 31.

As described above, that allegation is not accurate.  The Agreement conveyed to Pusey "all right, title and interest in and to" the trademark, including all of Ripple's "claims, causes of action and right to sue for . . . the infringement by any third party of any rights in and to the [mark] . . . and all remedies associated therewith." App'x at 360.  This broad assignment clearly covers Ripple's unfair competition claims here.

As to Ripple's state-law claim for unfair competition, the district court properly declined to exercise supplemental jurisdiction. *See Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) ("[U]nder the supplemental jurisdiction statute, a district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." (quotation marks omitted)).

C.    Denial of Ripple's Motion To File an Amended Complaint

Ripple argues that the district court erred in denying its motion to file an amended complaint.  It argues that the magistrate judge's Report and Recommendation concluding that such an amendment would be futile was "based on the erroneous legal finding that a user must maintain a 'proprietary interest' in the trademark to have standing."  Appellant's Br. at 46.  Ripple asserts that it stated valid claims as a "user" and "implied licensee" of the mark, even though it is not an owner of the mark.  *Id.*  We disagree.

11

"While ordinarily, we review denial of leave to amend under an abuse of discretion standard, when the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a de novo review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (cleaned up).

Under 15 U.S.C. § 1125(a), "any person who believes that he or she is or is likely to be damaged" by the false or misleading use of a trademark is authorized to bring a civil action against the wrongdoer. "Read literally, that broad language might suggest that an action is available to anyone who can satisfy the minimum requirements of Article III." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). But the Supreme Court has rejected "such an expansive reading" of § 1125, holding that the "statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Id.* (quotation marks omitted). More specifically, plaintiffs "must allege an injury to a commercial interest in reputation or sales." *Id.* at 131–32; *see also Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 118 (2d Cir. 2023) ("[A] plaintiff must demonstrate injury specifically to a 'commercial interest in reputation or sales.'" (quoting *Lexmark*, 572 U.S. at 131–32)); *Berni v. Int'l Gourmet Rests. of Am., Inc.*, 838 F.2d 642, 648 (2d Cir. 1988) ("[A]t a minimum, standing to bring a section 43 claim requires the potential for a commercial or competitive injury.").

Ripple is thus correct that it need not be the owner of the trademark to assert a claim under § 1125. Nonetheless, the district court correctly explained that Ripple must show that it has at least some reasonable commercial interest to protect.

Ripple's proposed amended complaint fails to allege any such interest. It alleges that Ripple "has been the continuous user of the mark" since 2015, notwithstanding the assignment to Pusey. App'x at 283. And it contends that People Center's "unlawful use" of the RIPPLE® mark was "intended to co-opt the goodwill" in the mark and has caused "confusion, mistake and deception." *Id.* at 296. That is not enough.

The assignment to Pusey included all "right, title, and standing" to "[i]nstitute and prosecute" any suit to "collect, assert, or enforce any claim, right or title of any kind" to the RIPPLE® mark. App'x at 362. So the express terms of the Agreement prohibit Ripple from bringing suit. *See generally* 6 McCarthy on Trademarks and Unfair Competition § 32:12 (5th ed. 2021) ("[I]f the license agreement prohibits the licensee from having the right to sue, then it has no right to sue under § 43(a)."); *see also Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 532 (7th Cir. 1998) ("Even assuming they met the statutory requirement of being a person who believes that he or she is likely to be damaged by a likelihood of confusion, the express terms of the license prohibited any of them from bringing suit in their own capacity." (quotation marks omitted)); *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 708 (11th Cir. 2019) (holding that a licensee did not have standing to sue under § 43(a) because of "the rights granted to the licensee in the licensing agreement" (quotation marks omitted)).

Ripple's proposed amended complaint thus fails to establish standing, and the district court properly denied Ripple's motion.

D.     People Center's Motion To Amend Its Answer

Finally, Ripple argues that the district court erred in allowing People Center to amend its answer to assert an affirmative defense of standing.  The district court initially allowed People Center to amend its answer, App'x at 15, but later denied the motion as moot, Special App'x at 12.  "All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain."  *Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000).  This issue is not a proper subject of appeal because the district court's later denial of the motion was within its authority and obviates Ripple's challenge of the earlier decision to grant leave to amend.  *See, e.g.*, *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("[W]hether the case *sub judice* be civil or criminal, so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." (cleaned up)).

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.